DOGGETT, Adm'r, v. THE ILLINOIS CENTRAL R. R. Co.

Railroad: CONTRIBUTORY NEGLIGENCE. Plaintiff's decedent being in the employ of a railroad company, but not engaged in operating the train in question, and on which he was riding, voluntarily got upon the tender of the engine to ride. While he was in this position the engine broke through a defective culvert or bridge, and he was killed. A " caboose " car was attached to the train for passengers and those not engaged in operating the train, to ride in, and it appeared that if the deceased had been in there he would not have been injured. *Held,* that he was guilty of contributory negligence, and that plaintiff could not recover.

*Appeal from Buchannan District Court.*

THURSDAY, JUNE 20.

ACTION to recover damages for the death of plaintiff's intestate, George Inglesbee, caused by defendant's servants in running a train of cars upon, and in keeping in repair its road. There was a verdict and judgment for plaintiff. Defendant appeals.

*Crane & Rood* for the appellant.

*Blair & Bronson* for the appellee.

BECK, Ch. J. — On the 26th of June, 1869, a construction train upon defendant's road, in charge of proper officers, was sent westward from Dubuque for the purpose of carrying men and materials, to make repairs rendered necessary by injuries to the track and embankments of the road at certain places, caused by a rain storm occurring on the night previous. At Manchester, the deceased, George Ingelsbee, went upon the train to ride to Masonville. He was employed by defendant, and had charge of the coal kept at the first-named place, for the use of the engines operated upon the road. There is no direct evidence, that he had permission to go upon or continue on the train, or

to ride upon the engine or tender. When the train was within about one-half mile of Masonville, it ran upon a culvert or bridge, the timbers of which had been washed out, leaving the rails and the ties in their original position; the engine fell through the track into the culvert, and Ingelsbee, who at the time was upon the tender, was killed. Plaintiff, the administrator of Ingelsbee's estate, seeks to recover upon the ground of negligence of defendants' servants and agents, in running the train, and in grading and repairing the road. The answer denies generally the allegations of the petition, and sets up contributory negligence on the part of Ingelsbee.

The point principally relied upon by defendant's counsel is, that the verdict of the jury is contrary to the instructions given them by the court. We will find it necessary to notice this point alone, as the question thus presented, is decisive of the case.

The jury were directed, that in case, they found that Ingelsbee, while upon the train, placed himself voluntarily upon the tender or engine, or between them, and that his position there was more dangerous than in the "Caboose" car (a car for the use of passengers and others, not engaged in operating the train), and that he would not have been injured if he had been riding there, in that case plaintiff was not entitled to recover. The rule here announced is, that of contributory negligence which defeats recovery for injury, resulting from negligence of another, if the injured party, by his own ordinary negligence, contributes to produce the injury complained of—either co-operates in causing the act which results in injury, or exposes himself to its effects. The thought of the instruction is that, if the tender or engine was not a place of equal safety with the car set apart for those riding upon the train, ordinary prudence forbade the deceased riding thereon, and he was chargeable with negligence therefor. If he would have escaped injury, had he been in the "Caboose," he was

exposed by his own negligence to the injuries causing his death. We believe the instructions to be a fair expression of the law. See authorities cited in Shearman & Redfield on Negligence, § 25 *et seq.*

In our opinion, the finding of the jury is indisputably in conflict with these instructions. There can arise no doubt under the evidence, that Ingelsbee was riding upon the tender when the accident occurred, and was there voluntarily. It was shown by the evidence, and the fact is not questioned, that a position upon the tender was far more dangerous than in the " caboose." It is equally certain that he would not have been injured if he had been in the car last named. Under the law of the instruction, it is clearly a case of contributory negligence as disclosed by the evidence, and the jury should have therefore found for defendant. The court below should have sustained defendant's motion to set aside the verdict. For the error in overruling it, the judgment is

Reversed.