ST. LOUIS & SAN FRANCISCO R. R. v. MARKER.

1. RAILROADS: *Liabilities of consolidated company.*

When a consolidated railroad company assumes the payment of all/ debts and liabilities and the fulfillment of all obligations of the companies consolidated, it becomes liable for the personal injuries for which any of such companies was liable at the time of its consolidation.

2. SAME: *Contributory negligence.*

If an employe of a railroad company while riding upon its train is guilty of any want of care whereby he unnecessarily exposes himself to danger, and is injured thereby, he cannot recover damages from the company. No one can recover damages for an injury which he has brought upon himself by his own negligence.

3. SAME: *Employe bound to inform himself of all dangers.*

An employe of a railroad company is presumed to know of such dangers and risks as he has opportunity to know of, and unless he informs himself of them, he cannot recover for resulting injuries.

APPEAL from *Washington* Circuit Court.

Hon. W. F. PACE, Special Judge of the Circuit Court.

*John O'Day* (of St. Louis) *and B. R. Davidson,* for Appellant.

I.

The conduct of appellant in sitting on the side of a low flat-car with his legs hanging down on the outside of the car constitutes such contributory negligence on his part as precludes his recovering for the injuries he received.

*Todd v. Old Colony & Fall R. railroad company, 3 Allen (Mass.), 18; Todd v. O. C. & F. R. railroad company, 7 Allen (Mass.), 207; Daggett v. Ill. Cent. railroad company, 34 Iowa, 284; Gavitt v. M. & L. R railroad company, 16 Gray, 501; Lucas v. N. B. & T. railroad company, 6 Gray, 64; Ward v. railroad company, 2 Abbott (N. Y. Practice), 411; R. R. company v. Garwood, 15 Ill., 468; R. R. company v. Jones,*

5 Otto, 439; State v. B. & O. railroad company, 24: Md., 84; Pittsburgh, etc., Railroad v. McClurg, 56 Pa. St., 294; Nelson v. A. & P. railroad company, 68 Mo., 593; Ind. etc., railroad company v. Rutherford, 29 Ind. 82; St. L., I. M.& S. Ry. company v. Hecht, 38 Ark., 359; St. L., I. M. & S. Ry. company v. Freeman, 36 Ark., 41; L. R. & Ft. S. Ry. company v. Parkhurst, 36 Ark., 377; L. R. & Ft. S. Ry. company v. Duffey, 35 Ark., 602; Duggins v. Wilson, et al., 15 Ark., 118; Downey v. Hendrie, 46 Mich., Oct. 5, 1881; H. & T. C. railroad company v. Clemmons, 55 Tex., 88; Shearman & Redfield on Negligence, 2nd Ed., sec. 40 and sec. 281; Spooner v. Brooklyn railroad company, 31 Barb., 419; Wharton on Negligence, 244; Hickey v. B. & L. railroad company, 14 Allen, 429.

## II.

The master is not liable for the negligence of a fellow-servant who was not negligently appointed or retained.

Wharton on Negligence, sec. 224; U. P. railroad company v. Young, 8 Kan., 658; Brothers v. Carter, 52 Mo., 372; Devitt v. P. railway company, 50 Mo., 302; Harper v. Ind. & St. L. railroad company, 47 Mo., 567; Davis v. Detroit, etc., company, 20 Mich., 105; Yeoman v. C. C. S. Nav. company, 44 Cal., 71; Albra v. Argawan C. company, 6 Cush., 75; Wright v. N. Y. C. railroad company, 25 N. Y., 502; Laning v. N. Y. Cen. railway company, 29 N. Y., 528; Prestly v. Fowler, 3 M. & W., 1; Wonder v. B. & O. railroad company, 32 Md., 410; Indiana railroad company v. Love, 10 Ind., 29; Columbus Railroad v. Arnold, 21 Ind., 175; Pittsburgh v. Rubey, 38, Ind., 294; Coombs v. N. & C. company, 102, Mass., 572; Farwell v. B. & W. railroad company, 4 Metc., 49; King v. B. & W. rail-

road, *9 Cush.*, *112; Gillshannon v. S. R. railroad com-
10 Cush.*, *228; Gilman v. E. railroad company, 10
Allen, 233*; *Beaulieu v. Portland railroad, 48 Me., 291;
Weger v. Penn. railroad, 55 Pa. St., 460.*

It makes no difference that the employee receiving the
injury is inferior in grade to the one by whose negligence
the injury is caused. *Wharton on Negligence, sec. 229;
Flike v. B. & A. R. R., 53 N. Y., 549; Columbus &
C. R. R. v. Arnold, 31 Ind., 174*; *Union Pacific R.
R. v. Fort, 2 Dill. C. C., 259.*

All are fellow-servants who serve the same master,
work under the same control, and derive authority from
the same source and are engaged in the same general bus-
iness, though it may be in different grades and depart-
ments of it. *Wonder v. B. R. R. company, 32 Md.,
411; Nelson v. M. L. R., 1 H. L., 326; Columbus &
Ind. railroad v. Arnold, 31 Ind., 174; Warner v. Erie
railroad company, 39 N. Y., 470*; *Cooley on Torts,
545*; *Strange v. McCormack, 1 Phil., 156; Pyne v.
Railroad company, 54 Iowa, 223*; *37 Am. Rep.,
198, 343; Michigan Central railroad company v.
Austin, 40 Mich., 247*; *Wallen v. S. E. railway com-
pany, Hurl. & Colt, 102*; *Lehigh Valley company
v. Jones, 86 Pa. St., 432; McAndrews v. Borns, 39
N. J. (Law), 117*; *Qurncy Mining company v. Kilts,
42 Mich., 34*; *Holden v. Railroad company, 129
Mass., 208*; *Wilson Merry. Q. R. 1. H. L. S. Div.,
App. 326; Walker v. Railroad company, Mass., 8*;
*37 Am. Rep., 243; Hord v. Vt. & Con. railroad, 32
Vt., 480; Weger v. Pa. railroad company, 52 Pa.
St., 460*; *Farwell v. B. & W. railroad company,
4 Metc., 49*; *Ross v. N. Y., C. & H. R. railroad
company, 5 Hun., 488; Slater v. Jewett, 12 Week.
Dig., 129.*

## III.

Where the evidence is insufficient to warrant a verdict for the plaintiff, it is the duty of the trial court to take the case from the jury, or direct the jury to find a verdict for the defendant. *Buesching v St. L. G. company*, *73 Mo., 219; State ex rel., etc. v. Roper et al., 3 Eng., 493; Hill et al. v. Tucker, 14 Ark., 706; Harlan v. St. L., K. C. & N. R. R. company, 64 Mo., 480; Pleasants v. Faut, 22 Wall., 122; Commissioners v. Clark, 94 U. S., 284; Merchants' Bk. v. State Bk, 10 Wall., 537; Brown v. European company, 58 Me., 389; Railroad company v. Houston, 95 U. S., 697: Powell v. Mo. Pacific railway company, Sup. Ct. of Missouri, October term, 1882, unreported; see Central Law Journal, vol 15, p. 24.*

SMITH, J. This was an action against a railway company for personal injuries sustained in its service by a laborer on a construction train. The plaintiff alleged:

That on the twenty-sixth day of January, 1882, while returning to his work from his dinner, the flat car upon which he was riding passed through or between a cattle guard, and so close to same as to catch the foot and ankle of plaintiff between or across the exposed ends of said guard, in such manner as to break the leg of plaintiff in two places, permanently dislocating his ankle and otherwise injuring the person of plaintiff. That from and on account of same, plaintiff has suffered permanent injuries, and has been rendered totally unfit for performing the manual labor incident to his occupation, having been rendered a cripple, and confined to his room a greater portion of his time since the said twenty-sixth day of January, 1882. Plaintiff avers that the said injuries upon his person were the proximate result of the fault and negligence of defendant, in the manner of the construc-

tion and placing of the said cattle guard, and also in compelling employes and plaintiff to ride upon the flat car ; and plaintiff was acting with all due care and diligence at the time he was injured; and that through the fault and negligence of defendant, as alleged, plaintiff has suffered great damages, to-wit,. in the sum of four thousand dollars ($4,000).

The defences were : 1st, A denial of negligence in the construction of the cattle guard,. or in any other respect. 2nd, Contributory negligence on the part of the defendant, by sitting with his legs hanging over the side of the car, thus voluntarily placing himself in a dangerous situation, and bringing the injury upon himself. 3rd, An averment that defendant was not the owner of the . railroad, nor operating the same at the date of the alleged injury, but that the plaintiff was the servant of the St. Louis, Arkansas and Texas Railway,. a corporation with which the defendant consolidated,. about one month thereafter.

The case was tried before a jury, who assessed the plaintiff's damages at $1,250.

The defendant company, in its motion for a new trial, among others, assigned the following reasons why the court should grant a new trial, viz. :

1. The verdict is not sustained by the evidence,. and is contrary to the law.

4. The court erred in instructing the jury as to the law of° the case on the part of the plaintiff.

5. The court erred in refusing to instruct the jury as to the law of the case on the part of the defendant, as prayed for by the defendant.

As the articles of consolidation produced by the defendant show that it assumed the payment of all debts and liabilities, and the fulfillment of all obligations owing by the companies with which it was consolidated, it is not to be

supposed that there was any extraordinary amount of merit in its third plea.

The testimony fairly proves that the cattle guard at. which Marker was injured had been safely and securely constructed; that the fences or approaches were not. closer than they should be, and sufficient room was left for the widest car used on the road to pass without striking them. Of course the fencing is put as close as it can be done consistently with the safe passage of trains, and no allowance is made for anything that may be hanging down outside of the cars.

It was also in proof that the defendant's agents in charge of the train were careful and competent men.

The evidence was not in conflict as to the immediate cause of the accident. The plaintiff had been for some seven weeks in the service of the company as a day-laborer. He was one of a party of men employed in constructing and repairing its roadway. He had helped to lay the track through the same fencing. It was customary for the defendant to convey them to and from their place of work on flat cars. There was a beam six or seven inches high in the centre of the car and running its entire length, on which the men could and did sit. But frequently they sat on the side of the car with their legs hanging over. This made it necessary to jerk up their feet in passing crossings. The men had been frequently warned by the conductor and brakeman against this dangerous practice.

On the twenty-sixth of January, 1882, the party of laborers, including the plaintiff, were engaged in removing a land slide from the railroad track near Stoney Ciphers. The car was not crowded. There was plenty of room on the center-beam and elsewhere about the car. Nevertheless the plaintiff was sitting on the edge of a low flat car with his legs dangling down. The train was running fifteen or sixteen miles an hour. In passing a cattle guard his foot

struck the approach thereto, and his leg was broken near the ankle. He was immediately taken back to Fayetteville and placed under the care of a surgeon, the company paying his board and medical bills to the thirteenth of April, when he was discharged from the hands of the physician as needing no further special care.

He testified that he had passed this particular crossing as often as forty times; that he had on this same day passed three cattle guards without drawing up his feet; that he was in the habit of riding thus and in passing a cattle guard would sometimes pull up his feet and sometimes not. On this occasion, as it seems, he attempted to pull up his legs and feet, but was careless or slow about it. Nobody else was hurt.

Here follows the charge of the court:

If the jury believe the defendant, in constructing and operating its road, and in constructing the cattle guards and approach to the cattle guard at the point where the injury is alleged to have been received, so carelessly and negligently constructed, kept and operated said cattle guard, approach thereto, and road, as to render it unusually dangerous to plaintiff to pass said cattle guard and approach thereto, and the plaintiff did from such careless and negligent constructing, keeping, and operating, receive injuries without carelessness or negligence on his part, the plaintiff should recover.

If the jury believe that the plaintiff knew that it was unusually dangerous for him to ride on the flat car with his feet hanging over the edge, or if the defendant had warned him that it was unusually dangerous so to ride, and he, in disregard of such knowledge or warning, carelessly and negligently so rode, the plaintiff should not recover.

If the jury believe the defendant was not the owner nor operating the railroad upon which the injury was received at the time of such injury, the plaintiff should not recover.

St. Louis & San Francisco R. R. v. Marker.

If the jury believe the plaintiff should recover they will assess his damages in any sum, not exceeding four thousand dollars, which they think is warranted by the proof. They will take into consideration in estimating the damage the bodily injuries received, the probable duration of the injury and its effects on the physical powers; the loss of time, expense of necessary medical or surgical attendance and bodily pain ; its degree and probable duration.

The following prayers of the defendant were denied :

5. If the employe is *guilty* of any *want of care*, whereby he *unnecessarily exposed himself to danger*, and he is *injured thereby*, he cannot recover from the railway company.

1. RAIL-ROADS: Contributory negligence.

6. An employe of the railway company, having an opportunity to know of danger and risk, is presumed to know of such danger and risk ; and if he does not inform himself of such danger, he cannot recover from the railroad company.

2. SAME: Employe bound to inform himself of dangers.

10. I charge you that if you find from the evidence, that the road with the fencing approaches was constructed by the *usual and ordinary rules for constructing the same*, and that the *plaintiff unnecessarily exposed himself by sitting on the side of the car and hanging his feet down and* THEREBY *was injured*, you will find for the defendant.

No one can recover damages for an injury which he has brought upon himself by his own negligence. In *Railroad Co. v. Jones, 95 U. S., 439*, a construction hand riding on the pilot of a locomotive was injured by the collision of his train with some cars standing on the track. Here the company was guilty of negligence, but the plaintiff was not permitted to recover, because his own concurring and co-operative fault, in needlessly occupying a place of peril, had contributed to produce the injury.

MR. JUSTICE SWAYNE, in delivering the opinion of the court, said : "The company, though bound to a high degree of care, did not insure his safety. He was not an infant,

nor *non compos*. The liability of the company was conditioned upon the exercise of reasonable and proper care and caution on his part. Without the latter the former could not arise. He and another who rode beside him were the only persons hurt upon the train. All those in the box car, where he should have been, were uninjured. He would have escaped also if he had been there. His injury was due to his own recklessness and folly. He was himself the author of his misfortune. This is shown with as near an approach to a demonstration as anything short of mathematics will permit." See also to the same effect *St. L., I. M. & S. Ry. v. Freeman, 36 Ark., 41: L. R. & Ft. S. Ry. v. Parkhurst, Ib. 371; same v. Miles, 40 Id.; Daggett v. I. C. R. Co., 34 Iowa, 284.*

There is a total failure of evidence to support the verdict, and the court erred in refusing the instructions above copied.

Judgment reversed, and the cause remanded with directions to grant a new trial and to proceed in conformity with this opinion.