CHARLES F. MASON, Respondent, v. FOURTEEN MIN-
ING COMPANY, Appellant.

**Kansas City Court of Appeals, January 8, 1900.**

| 82 | 367 |
| 93 | ¹215, |
| 82 | 367 |
| 94 | ¹379 |
| 82 | 367 |
| 95 | ¹ 51 |
| 98 | ¹561 |

1. **Master and Servant: TEST OF NEGLIGENCE: CUSTOM OF
   MINES: WAIVER: EVIDENCE.** The test of negligence in protect-
   ing the roof of a drift is the general use and ordinary course adopted
   in similar mines, and evidence of such usage is proper, and the more
   so where the defendant in his examination of witnesses adopted such
   theory, thereby authorizing the plaintiff to reply in rebuttal.

2. **Appellate and Trial Practice: REMARKS OF ATTORNEY IN
   HEARING OF JURY: HARMLESS ERROR: JUDGMENT RIGHT.**
   The remarks of counsel in the presence of the jury that the witness
   could prove another accident at the same place is highly reprehen-
   sible, and in a doubtful case would authorize a reversal, but where
   the judgment is manifestly for the right party such error is harm-
   less.

Appeal from the Jasper Circuit Court.—*Hon. J. D. Perkins,*
Judge.

AFFIRMED.

*Galen & A. E. Spencer* for appellant.

(1) It is elementary that the evidence must correspond
with the allegations, and be confined to the point in issue.
1 Greenl. on Ev. [6 Ed.], sec. 50, p. 68; 1 Jones on Ev.,
sec. 136, p. 283; Haynes v. Christian, 30 Mo. App. 198;
Eddy v. Baldwin, 32 Mo. 369; Greene v. Gallagher, 35 Mo.
226. (2) The issue in this case was whether defendant had
exercised ordinary care to provide plaintiff a reasonably safe
place to work. (3) Hence the court erred in permitting
plaintiff's witness, Mason, to testify as to the "usual and ordin-
ary method of timbering" and the "proper, usual and ordinary
method of handling" this or similar ground. Koons v. Rail-

road, 65 Mo. 592-597; Hughes v. Railroad, 127 Mo. 447; Crocker v. Schureman, 7 Mo. App. 358; Madison v. Mining Co., 65 Mo. App. 564; Lore v. Frogge, 19 Mo. App. 368; Coale v. Railroad, 60 Mo. 227; Lester v. Railroad, 60 Mo. 265; Hoffman v. Railway, 51 Mo. App. 273. (4) The assertion made by plaintiff's attorney during the trial that he could prove by the witness then undergoing examination, that another man had been injured at the same place in defendant's mine, at a different time, was error highly prejudicial to defendant. Crahan v. Balmer, 7 Mo. App. 585.

*Charles Creller* and *Clark Claycroft* for respondent.

(1) It is the duty of the master to use such care as should characterize a person of common prudence in the same position. The tools, machinery, or appliances furnished should be reasonably safe for the purpose to which it is intended to be devoted. Blanton v. Dold, 109 Mo. 74; Beard v. Car Co., 63 Mo. App. 382-387; Huhn v. Railroad, 92 Mo. 440-448. (2) The question as to whether the ground was timbered in the usual and ordinary way, was a question to receive a proper consideration from the jury. Huhn v. Railroad, 92 Mo. 440-449; Beard v. Car Co., 63 Mo. App. 382-387; O'Mellia v. Railroad, 115 Mo. 205-222; Bohn v. Railroad, 106 Mo. 429-433; 3 Elliot on Railroads, sec. 1274, and cases cited; Berning v. Medart, 56 Mo. App. 444-449. (3) The witness Mitchell, being an expert, the decision of the trial court to that effect was conclusive, unless it appears from the evidence to have been erroneous. Goss v. Railroad, 50 Mo. App. 614-622; Bradford v. Railroad, 64 Mo. App. 475-483; Benjamin v. Railroad, 50 Mo. App. 602. (4) The admission of improper testimony is cured by proper instruction. Sidekum v. Railroad, 93 Mo. 400-406; O'Mellia v. Railroad, 115 Mo. 205, 221, 222. (5) Appellant having examined respondent, Mason, as to the "usual and ordinary method of

timbering ground by the use of snow-sheds," can not complain of evidence afterward introduced by respondent upon that point. Goss v. Railroad, 50 Mo. App. 614-623; Taylor v. Penquite, 35 Mo. App. 402; Whitmore v. Supt. L. K. & L. H., 100 Mo. 47; Tomlinson v. Ellison, 104 Mo. 112. (6) The improper remarks of counsel are cured by admonition of the court. Thompson on Trials, sec. 962, p. 746; Sidekum v. Railroad, 93 Mo. 407, 408; Loyd v. Railroad, 53 Mo. 515; Mahaney v. Railroad, 108 Mo. 191-200.

SMITH, P. J.—The plaintiff was in the employ of the defendant, a mining corporation, and while engaged in the work assigned him in one of the drifts of the defendant's mine a stone fell from the superincumbent roof of the drift and struck the defendant on the head, inflicting serious injuries, and to recover damages for which this action was brought.

There was a trial and judgment for plaintiff and defendant appealed. No complaint is made as to the action of the court in respect to the instructions. There are only two errors assigned, one relating to the admission of testimony, and the other as to a remark made by plaintiff's attorney in the presence of the jury.

It appears that during the progress of the trial the plaintiff asked a witness what was the usual and ordinary method, at the time of the injury, of timbering or handling ground, similar to that in defendant's mine. The witness had already testified that he had had some twelve or fifteen years experience as a miner, and had worked in a number of mines in the locality of defendant's mine. He had also testified that a snow-shed was a structure placed in the drifts of mines to protect the workmen against falling boulders, etc. The snow-shed in question, as appears from the undisputed evidence, was constructed by placing upright posts some six feet apart along the sides of the drift, on the caps of which

were placed stringers running lengthwise with the drift and on the latter were placed transversely sticks of cordwood, thus forming what was called "a floor," which was designed to catch anything falling from above and thereby afford protection to the workmen below. The witness had also previously testified that he was familiar with the ground of defendant's mine. We think the question was proper and that the trial court did not err in allowing the witness to answer it. He had shown that he was sufficiently qualified to answer the question.

The ground upon which plaintiff sought a recovery was that the defendant had neglected to construct proper snowsheds in, or to timber over the drift in which plaintiff was working when he was hurt, so as to protect him from injury, etc. An employer is bound to furnish machinery and appliances that are of ordinary character and reasonable safety. It is needless to cite the adjudicated cases in support of this statement of the law. And the former is the conclusive test of the latter. Whatever is according to the general, usual and ordinary course adopted by those in the same business is reasonably safe within the meaning of the law. The test is general use. Ship Building Works v. Nuttall, 119 Pa. St. 149; Railway v. Husson, 101 Pa. St. 1; Kohler v. Schwenk, 144 Pa. St. 348; Titus v. Railway, 136 Pa. St. 618; Reese v. Hershey, 163 Pa. St. 253; Jones v. Lumber Co., 58 Ark. 125; Railway v. Allen, 78 Ala. 494; Railway v. Huntley, 38 Mich. 537. Whether the drift in the defendant's mine was timbered up in the usual and ordinary way was a question for the jury. Huhn v. Railway, 92 Mo. 448; O'Mellia v. Railway, 115 Mo. 205.

If the jury had found from the evidence that the drift in defendant's mine was timbered in the usual and ordinary way, that would have exculpated the defendant from the charge of negligence. And no doubt this was at one time the defendant's view of the law, for it appears from the record that in

its cross-examination of the plaintiff, while he was giving his testimony, it asked whether the snow-sheds put in the defendant's mine was not the usual and ordinary manner of protecting mining ground of the kind there. The defendant's right to object to the plaintiff's question was, we think, foreclosed by having himself previously asked a like question of other witnesses. The plaintiff was entitled to prove in rebuttal that the snow-shed or timbering in the defendant's mine was not that ordinarily in use in mines where the conditions were similar to those in that of defendant. The law of the case, as expressed by the defendant's first instruction, is in accord with what has just been stated by us.

During the further progress of the trial, the plaintiff's attorney asked a witness, on cross-examination: "Where was Fleming standing in that mine when he got his arm broken?" To this question the defendant objected, which objection was by the court sustained. The plaintiff's attorney then stated, in the hearing of the jury: "We can prove by this man that Fleming was in the same place." The defendant's attorney objected to this remark and requested the court to exclude it from the jury, which was done. The conduct of the plaintiff's attorney was highly reprehensible, and for which he should have been severely rebuked by the court. If the case was one where we entertained any doubt as to the right of the plaintiff to recover, or if it were a close case on the evidence, we should feel it our duty to reverse the judgment; but as the judgment is so manifestly for the right party, we feel constrained to affirm it, notwithstanding the unfairness of the plaintiff's attorney, which is accordingly ordered. All concur.