## EDWARD O. WILKINSON, Respondent, v. ANDRIANO BOTTLING COMPANY, Appellant.

### Kansas City Court of Appeals, April 3, 1911.

1. **MASTER AND SERVANT: Negligence.** Plaintiff sued for damages for injuries to his hand received while employed in a bottling plant. The operator of the next machine to plaintiff's was forcing the stopper in a bottle of soda, and the pressure of the machine caused the bottle to break and a piece of it struck plaintiff's hand. There were the usual and customary guards on the machine protecting the persons operating them, but these afforded no protection to others near by. There were better guards made, but not in general use. Plaintiff was provided with a pair of leather gloves to protect his hands, but, at the time, did not have them on. *Held*, that as defendant was conducting the business in the usual and ordinary way, and as plaintiff was familiar with the risk he was not entitled to recover.

2. ————: ————: **Negligence.** Another reason why no recovery should be allowed, is that plaintiff was not wearing the gloves provided for his protection, which would have practically prevented the injury, and his failure to utilize the means provided for his safety, constituted negligence.

Appeal from Buchanan Circuit Court.—*Hon. C. A. Mosman*, Judge.

REVERSED.

*Allen, Gabbert, Mitchell & Martin* for appellant.

(1) This is a common law action. There is no rule of common law requiring a master to guard dangerous machinery. Bair v. Heiber, 103 Mo. App. 621; Lorê v. Mfg. Co., 160 Mo. 608. The law only required the defendant to furnish plaintiff such appliances. as were of ordinary character and in general use by those engaged in similar business, and of reasonable safety, and the former is the conclusive test of the latter. The test is general use. There was no evidence that defendant did not comply with these requirements. Mason v. Mining Co., 82 Mo. App. 367; Kane v. Falk Co., 93 Mo. App. 209; Coin v. Lounge Co., 222 Mo. 488; Minnier v. Railroad, 167 Mo. 99; Brands v. St. Louis Car Co., 213 Mo. 698; Berning v. Medart, 56 Mo. App. 443. An appliance which is of ordinary character and in general use by men engaged in similar business is a reasonably safe appliance within the meaning of the law. All the testimony in this case is that the bottling machine involved (without a guard) was one of ordinary character and such as is in general use. There was no evidence to the contrary. (2) Mason v. Mining Co., 82 Mo. App. 367; Kane v. The Falk Co., 93 Mo. App. 209; Coin v. Lounge Co., 222 Mo. 488; Berning v. Medart, 56 Mo. App. 443. The fact that defendant knew of a guard which had recently been invented, but which was not in general use, did not justify the court in submitting to the jury the question of negligence, based on failure of defendant to use such guard. Brands v. Car Co., 213 Mo. 698. Wilkinson had been in the service of defendant many years. The bottling machine in question was in the same condition when he entered the service as it was at the time he was injured. He had been cut by bursting bottles before. Danger of injury from this machine was one of the risks ordinarily incident to the employment, which he assumed, and for which

he cannot recover. Bair v. Heibel, 103 Mo. App. 621, l. c. 632; Beymer v. Pkg. Co., 106 Mo. App. 726; Hollingsworth v. Biscuit Co., 114 Mo. App. 20; Cothron v. Packing Co., 98 Mo. App. 343. (3) The court erred in giving plaintiff's instruction No. 1, the only instruction submitted by plaintiff on the merits. One of the defenses was the contributory negligence. Plaintiff's instructions ignored this issue and allowed the jury to find for plaintiff regardless of whether he was exercising any care or not. This defense was not submitted to the jury by any other instruction for either party. Abbott v. Mining Co., 112 Mo. App. 550; Hill v. Drug Co., 140 Mo. 433; Mathew v. Railroad, 115 Mo. App. 468; Hughes v. Railroad, 127 Mo. 447; Brannock v. Railroad, 147 Mo. App. 301. (4) The court erred in giving plaintiff's instruction No. 4, on the measure of damages. It assumed that he will thereafter sustain damages; it assumed his earning capacity had been lessened for the remainder of his life. There was no evidence that his earning capacity had been lessened for life. Besides, the instruction did not limit the jury to such damages as might be reasonably expected to result from the injury. Ballard v. Kansas City, 110 Mo. App. 391; Schwend v. Transit Co., 105 Mo. App. 534. (5) The court erred in allowing the jury to hear testimony in relation to a guard referred to in a catalogue, and in relation to a wire screen provided for protection of operator of the machine, when there was no evidence that either was in common use, and when neither were for the protection of a person not engaged in operating the machine.

*Kendall B. Randolph* for respondent.

(1) It is the duty of the master to furnish the servant a reasonably safe place in which to work. Strobel v. Manufacturing Co., 148 Mo. App. 22; Strickland v. F. W. Woolworth & Co., 127 S. W. 628; Dakan v. Chase & Son Merc. Co., 197 Mo. 238. (2) The failure

to have guards around these dangerous machines which would frequently project pieces of broken glass through the room where the employees were engaged was in violation of section 7828, R. S. Mo. 1909, which requires dangerous machinery to be guarded. Bair v. Heibel, 103 Mo. App. 1. c. 633; Lore v. American Mfg. Co., 160 Mo. 608. Such failure was negligence *per se*. Stafford v. Adams, 113 Mo. App. 721 and cases cited. (3) The appellant complains that respondent had choice of two ways of working around this machine, with or without gloves, which had been provided for him. This objection is not supported by the testimony, at which place the respondent, testifying in his own behalf, says that the appellant got one pair of gloves for the bottling man. Respondent told Mr. Imel that he did not want to do any more bottling, and Mr. Imel said he would get one pair. Respondent did not have on gloves at the time he was injured. He says, however, that it would have made no difference. He says there was too much force and that he did not believe that a piece of leather was any harder than the bone of his finger. It will be observed, in reading the record, that the tendon of the finger was cut entirely through, and the bone was also injured. It will therefore be noticed that the question of the gloves would cut no figure in this case whatever, and that the injury was just as liable to have occurred to any other part of the body as to the hand. It was merely a coincidence that the hand was struck instead of the face, or some other part of the body. (4) The appellant seems to be possessed of the idea that it is necessary to specially plead the statute concerning guards on machinery. That question is answered in a number of cases. Lohmeyer v. St. Louis Cordage Co., 214 Mo. 685; Bair v. Heibel, 103 Mo. App. 621. (5) Plaintiff's fourth instruction, of which complaint is made by appellant, is with reference to the measure of damages. This instruction was recently before this court in the case of Schwyhart v. Barrett et al., 145 Mo.

App. 332.   It is, however, not noticed in the opinion. The same instruction is upheld in Duerst v. St. Louis Stamping Co., 163 Mo. 617, and by a long line of cases, both earlier and later.

BROADDUS, P. J.—This is an action to recover damages plaintiff alleges he sustained while in defendant's employ.   This injury occurred on the 3d of September, 1909.

The defendant company at the time was engaged in the business of bottling soda water, seltzer, ginger ale and other effervescing drinks; that in order to conduct its business it used bottling machines for the purpose of bottling its products, putting them in small glass bottles; that gas and other materials used in the manufacture of such products were subject to great pressure while being filled in the bottles, which at times caused some of them, especially defective ones, to burst, and that bottles exploded daily.   In the bottling process an upright machine about three feet high was used, to which was attached a level or treadle which forced the stoppers into the mouth of the bottle.   The man working the machine stands up, so that the bottle when it is in the place for being filled sits about even with his waist.   In forcing the stoppers twenty-five or more pounds pressure was used.   If a bottle was defective the amount of pressure used would cause it to fly to pieces and scatter about.

On the occasion mentioned, two machines were in use standing within a few feet of each other.   Plaintiff was at work on one of them, and another employee by the name of Ward was at work on the other, and while he was filling a bottle it exploded under the pressure and a piece of glass struck plaintiff on the hand inflicting a severe and permanent injury.   There were guards on one side of the machines which sufficiently protected the person operating them, but afforded no protection to others around about.   The plaintiff seeks to recover on

the ground of negligence of defendant in failing to furnish him with a safe place in which to do his work, that is to say, in failing to provide sufficient guards for said machines.

The machines were guarded as was customary in like establishments. There was no witness who was able to state that he ever saw any guard in use in similar establishments, other than the one described for the protection of the persons operating them; but a circular of a certain manufacturer was introduced with cuts showing, we presume, as the circular is not included in the abstract, that there was such a guard; and the plaintiff was allowed to explain its construction. According to the explanation, it seems that there was a much better guard than the one in general use and which if adopted would greatly tend to insure the safety of the workmen employed in the work.

There was evidence that plaintiff was furnished at his request by defendant's foreman with a pair of leather gloves to protect his hands from pieces of flying glass, but that he did not have them on at the time of the injury.

The plaintiff was an experienced workman in the business, and he testified that to his knowledge on an average of from three to four bottles a day exploded while being filled. Notwithstanding such was the fact, it appeared that no one had been seriously injured previously, although the process had been carried on for a number of years.

The doctor who treated plaintiff's wound testified that the common extensor tendon of his right hand had been cut; the tendon that raised the finger; and that the "wound had penetrated into the knuckle joint some —not exactly into the joint, but into the bony portion."

The action is not founded upon section 7828, Revised Statutes 1909, amending the prior section 6433, Revised Statutes 1899, by requiring the "machines and machinery" of all manufacturing establishments to be

guarded, also, that said amendment did not go into effect until after the date of the injury. But the pleadings and instructions show that the cause was tried upon the theory of common law negligence, in that, the defendant had failed to provide plaintiff with a reasonably safe place for the doing of his work.

The plaintiff recovered judgment for two hundred and fifty dollars, from which the defendant appealed.

The defendant submitted a demurrer to plaintiff's case which the court overruled. We are of the opinion the plaintiff failed to make out a case, and that the demurrer should have been sustained. The evidence clearly disclosed that the defendant was conducting the business in the usual and ordinary way without any guard to the machines, other than that for the protection of the workmen operating them, and that plaintiff was by reason of long service in the business, familiar with the risk attending the work.

Because there may have been another and better guard for the machine than the one in use, the defendant was not compelled to procure the very best that was to be obtained. He was only required to provide that which was ordinarily safe. Notwithstanding the numerous explosions of bottles under pressure, it seems to have been shown without contradiction that they had always, until with the one exception, been harmless and in no way tended to make the place in which the workmen were engaged unreasonably unsafe.

Whatever is according to the general and ordinary course adopted by those engaged in the same business is reasonably safe. [Mason v. Mining Co., 82 Mo. App. 367; O'mellia v. Railway Co., 115 Mo. 205.] And the fact defendant may have known of a guard recently invented, but which had not come into general use, did not render defendant liable for failure to adopt and put it into use in his business. It is said that: "The master is bound to use reasonable care and precaution to furnish his servant safe appliances with which to do his

work, and in keeping them in good condition. It is not his duty to furnish any particular kind of tools or appliances, or the newest and most improved patterns. He fulfills his duty by using ordinary care and prudence to furnish safe and suitable tools and appliances; and 'reasonably safe' means according to the ordinary usage and risk of the business." And this rule applies equally to the duty of the master to furnish his servant with a reasonably safe place in which to do his work. The case governs this one completely. And such is the general rule adopted in this state as expressed in numerous cases by all the appellate courts.

We think there is another reason why the plaintiff should not be allowed to recover. He was furnished with a pair of leather gloves for the purpose of protecting his hands, and which if he had worn at the time would have practically prevented the injury, or at least have minimized it so that it would have been insignificant. Although respondent contends that as the glass severed a ligament and penetrated somewhat the bony structure of the finger at the knuckle joint, the glove would have been of no protection. We do not accede to this conclusion. The resisting power of a workman's leather gloves, tenacious and flexible as they are, is very great, and we are persuaded, that had the piece of glass that did the injury penetrated the leather, of which we are in doubt, its force would have been so much diminished that the repelling power of the ligament and cuticle of the finger would have afforded resistance enough to have arrested its progress, or at least nearly so. His injury, therefore, must be attributed in great part, if not wholly, to his own negligence in failing to utilize the gloves furnished to him and which he knew to be necessary for the protection of his hands.

For the reasons given the cause is reversed. All concur.