## THOMAS J. COORE v. SEABOARD AIR LINE RAILWAY COMPANY.

### (Filed 27 May, 1910.)

1. **Pleadings—Proof—Variation.**

   There is no material variance between the allegations and the proof in an action for damages for personal injuries, the averments of the complaint substantially being that the alleged injury was caused by the negligent, etc., starting the train of defendant railroad company by the engineer, without signal or warning, which violently jerked the slack out of the train, pulled the cars farther apart, causing plaintiff to miss his footing and fall to his injury between the cars; and the evidence objected to being that "the engineer started off at high speed—quick start," etc.

2. **Evidence Withdrawn—Harmless Error.**

   When improper evidence, objected to, is withdrawn by the court from the consideration of the jury, the error in admitting it is cured.

3. **Railroads—Orders—Negligence—Evidence—Instructions.**

   Upon conflicting evidence an instruction is correct in substance as follows: that if the engineer should not have started his train without a signal from plaintiff, an employee, if they find the conductor had ordered him to thus signal from the top of the train, and if the engineer did start the train with a jerk without plaintiff's signal, or did so at a signal from the conductor, jerking the cars apart so as to throw plaintiff between them to his injury, and this was the proximate cause thereof, the issue as to negligence should be answered for plaintiff.

APPEAL by defendant from *Lyon, J.,* at the January Term, 1910, of MOORE.

The facts are sufficiently stated in the opinion of the Court.

*Douglass & Lyon* and *H. F. Seawell* for plaintiff.
*Walter H. Neal* and *U. L. Spence* for defendant.

WALKER, J. This action was brought by the plaintiff to recover damages for injuries alleged to have been sustained by him while engaged in the performance of his duties as a brake-

man in the service of the defendant. The plaintiff alleged that he was ordered by the conductor to go up on the freight cars, which were coupled to an engine, for the purpose of giving a signal to the engineer to start the train, and of attending to his other duties. That when he was on the top of one of the cars and about to step to another car, the engineer, without any signal or warning from him, but after receiving a signal from the conductor to go ahead, suddenly and negligently started the train and violently jerked out the slack, which caused him to fall as he was passing from one car to the other.

There was evidence tending to show negligence on the part of the defendant. The plaintiff, when testifying in his own behalf, was permitted by the court to state that "The engineer started off at a high rate of speed—quick start." The defendant objected to this testimony upon the ground that it is not alleged in the complaint that the engineer started the train at a high rate of speed. The allegation of the complaint is that the engineer suddenly, negligently, carelessly and without any signal or warning to the plaintiff, applied the steam to the engine and violently jerked the slack out of the said train, pulling the cars farther apart and causing the plaintiff to miss his footing, and thereby he was thrown between the said cars and seriously injured. It is further alleged that, at the time the train was started by the engineer, the plaintiff was walking along the running-board on the top of the car and was in the act of stepping on the running-board of the car immediately in the rear, which was coupled to the one upon which he was walking, and that as the train was started and the cars were jerked apart, he fell between them and was injured.

It is provided by the Revisal, secs. 515 and 516, as follows: "No variance between the allegation in a pleading and the proof shall be deemed material, unless it has actually misled the adverse party to his prejudice in maintaining his action upon the merits. Whenever it shall be alleged that a party has been so misled, that fact shall be proved to the satisfaction of the court, and in what respect he has been misled; and thereupon the judge may order the pleading to be amended upon such terms as shall be just. Where the variance is not material as provided in the preceding section, the judge may direct the fact to be found according to the evidence, or may order an immediate amendment without costs."

We do not think there was any substantial variance between the allegation of the complaint and the proof. If there was any variance at all, it was immaterial, and, if material, the defendant did not comply with the requirements of the sections

in the Revisal to which we have referred. There was, though, no variance, as it clearly appears by the allegation in the complaint and the proof that the plaintiff was injured before the train had acquired any speed and that his fall between the cars was caused by the sudden and unexpected movement of the train, which jerked the cars apart. This exception is without any merit.

The court permitted the plaintiff, as a witness in his own behalf, to testify that he was acting carefully when he stepped from the one car to the other, but afterwards withdrew this testimony from the consideration of the jury. The defendant duly excepted to the testimony, but the withdrawal of the same cured the error of the court, if any was committed. *Bridgers v. Dill,* 97 N. C., 225; *Cowles v. Lovin,* 135 N. C., 488.

The defendant requested the court to charge the jury that the defendant, upon the allegations of the complaint and proof, is not liable for a sudden, violent or careless jerk of the train, nor for a jerk without a signal, unless the same was necessary in the handling of the train, there being no evidence that it was unnecessary. We think the instruction was substantially given by the court, except in the following respect: The court charged the jury that if the engineer should not have started the train without a signal from the plaintiff, and he did start it and jerk the cars apart, so that the plaintiff was thrown between the cars and engine, and if the jury should further find that the act of the engineer was the proximate cause of the injury, they should answer the first issue "Yes"; and if they did not find the facts to be as above stated, they should answer the issue "No." If the conductor ordered the plaintiff to go up on the cars, release the brakes and signal to the engineer when to start the train, and while the plaintiff was in the performance of his duty the engineer moved the train in obedience to a signal from the conductor, who had given the order to the plaintiff, and the plaintiff was thereby thrown from the car and injured, as the proximate result of the negligent act of the conductor or the engineer, we are unable to see why the plaintiff is not entitled to recover. *Redman v. R. R.,* 150 N. C., 400; *R. R. v. Murray,* 55 Kansas, 336.

It is unnecessary to consider the other exceptions, as some of them were withdrawn and those remaining have been sufficiently considered and disposed of by what we have already said.

No error.