HOWARD v. SOUTHERN RAILWAY CO.

(Filed May 26, 1903.)

NEGLIGENCE—*Contributory Negligence—Master and Servant—Railroads.*

> Where an employee of a railroad company rides on the steps of a shanty car against the rules of the company, which rules he had seen, and is injured, the company is not liable, there being room for him inside the car and his duty not requiring him to be on the steps.

Petition to rehear this case, reported in 131 N. C., 829. Petition dismissed.

*L. L. Witherspoon* and *S. J. Ervin,* in opposition.

*W. C. Feimster* and *Armfield & Turner,* for the petitioner.

CONNOR, J.   This cause was decided at the last term (131 N. C., 829) and disposed of by a *per curiam* opinion. Upon a petition to rehear the case was argued and full and exhaustive briefs filed by counsel. We have carefully considered the record and the briefs and are of the opinion that the case was propely decided at the last term of the court.

Upon the plaintiff's evidence it appeared that he was an employee of the defendant and was travelling from Salisbury to Gold Hill on a freight train, consisting of six or more box cars and some shanty cars; that he was sitting on the steps of one of the shanty cars with his feet on the bottom steps of the car; that the defendant's servants had piled wood upon

the side of the track about three feet high.   There were benches inside the shanty car for the hands to sit upon, and there was no suggestion that it was necessary for the plaintiff to sit upon the platform.   It also appeared that the company's rules against riding on the platform of passenger trains had been seen by the plaintiff.   It appears that the plaintiff was sitting upon the steps for the purpose of seeing the country through which they were passing; his knees projected a few inches beyond the shanty car.   The engine passed the cord wood safely, and the bottom of the box car was high enough to pass over the wood without touching it. It struck the step upon which the plaintiff was sitting.   There was evidence that the plaintiff and other employees of the defendant were in the habit of riding on the shanty cars and on the platform and on the top of the cars or wherever they pleased.   His Honor being of the opinion that upon the plaintiff's own testimony he was not entitled to recover, the plaintiff in deference thereto submitted to a non-suit.

There can be no doubt in regard to the duty of the defendant to furnish its employees a safe place in which to travel to and from their place of employment, and it is clear upon the plaintiff's testimony that the defendant had furnished a car with sufficient room and accommodation for the plaintiff and the other hands.   There was no necessity for the plaintiff to sit upon the steps of the car, nor was he there in the line, or the performance, of any duty.   Certainly he was not entitled to demand any higher degree of care upon the part of the defendant than if he had been a passenger. The passenger, who needlessly exposes himself against the rules of the company and is injured under the circumstances testified to by the plaintiff, would not be entitled to recover; and this, upon the familiar principle that if one voluntarily puts himself in a place of danger and is injured in consequence thereof, he cannot claim damages.   This principle

is sustained by numerous authorities. The plaintiff relies upon the case of *Lindsay v. Railroad,* decided at this term. In that case it was the duty of the plaintiff to be upon the top of the car, and the defendant, in permitting the rope to hang over the car, was clearly guilty of negligence. It was not one of those risks which the plaintiff assumed by taking employment.

Without pursuing the subject further, we think his Honor's ruling is correct. *Baltimore & Potomac R. Co. v. Jones,* 95 U. S., 439. The petition to rehear must be dismissed.