St. Louis Southwestern Ry. Co. of Texas v. W. H. Arnold.

Decided April 22, 1905.

**1.—Negligence—Injury to Brakeman—Switching—Issues not Raised.**

Where it was the duty of the brakeman (plaintiff here) to ride on the footboard of the engine under the circumstances attending his injury, and he could have checked the speed of the engine by signaling to the engineer, but failed to do so, it was error for the charge to submit the issue of negligence in the speed of the engine and in the engineer's directing plaintiff to assume his position on the footboard.

**2.—Same—Issue Eliminated—Charge.**

Where the evidence eliminates an issue of negligence raised by the pleadings it is error for the charge to submit such issue.

**3.—Same.**

A failure of the engineer to stop the engine before reaching a derailing switch would not fix liability on the railway company where it was a dark night and the engineer did not know there was such a switch ahead, but the brakeman (plaintiff) did know it, and was stationed on the footboard with a lantern to discover the switch, but did not signal the engineer to stop.

**4.—Same—Condition of Switch—Evidence and Charge.**

A charge upon the theory that the condition of the switch was not known to plaintiff and would not necessarily have been known to him in the due course of his employment was error where the evidence showed that such condition (the switch being unspiked and open) had existed for a long time prior to the accident in question, and was properly open at the time, and that plaintiff was expecting to find it open.

**5.—Same—Evidence—Subsequent Acts.**

It was error for the court to permit proof by plaintiff that after the accident the railroad company had cleared the ground of weeds and grass at the point of the accident and location of the switch. Following Railway v. Ayres, 83 Texas, 268.

**6.—Same—Condition of Switch—Rebuttal.**

Such evidence having been admitted, defendant was entitled to show in rebuttal that on the morning after the accident a witness had carefully examined the ground about the switch and found the same clear of grass and weeds, and that no grass or weeds had been freshly cut from about the switch. This was admissible also as original evidence to contradict plaintiff's testimony to the effect that the switch was obscured by weeds and grass.

**7.—Contributory Negligence—Charge.**

One is guilty of contributory negligence who negligently does or omits to do something which helps to bring about an accident whereby he is injured, and contributory negligence is a complete bar to an action of damages by the

Vol. XXXIX. Civil—11.

injured party, even if the other party was guilty of negligence which contributed to cause the accident; and it is immaterial which party was the most negligent, or which contributed most to cause the accident.

### 8.—Same—Charge Grouping the Facts.

Where a requested charge properly grouped the facts constituting the defense of contributory negligence and affirmatively submitted that defense, it was error for the court to refuse to give it.

### 9.—Negligence—Definition in Charge—Request.

The failure of the court to define "negligence," though the issue of negligence was submitted in various parts of the charge, was not error in the absence of a requested charge therefor, but it would have been better had the court properly defined the term.

Appeal from the District Court of Hunt. Tried below before Hon. T. D. Montrose.

*E. B. Perkins* and *Templeton, Crosby & Dinsmore,* for appellant.— 1. The evidence showed conclusively that the plaintiff was guilty of negligence which caused or contributed to cause his injuries and the court erred in refusing to give the requested peremptory instruction to find for the defendant. Railway Co. v. Bradford, 66 Texas, 732; Railway Co. v. Williams, 72 Texas, 159; Railway Co. v. French, 86 Texas, 96; Webb v. Railway Co., 65 S. W. Rep., 684.

*Randell & Wood,* for appellee.

RAINEY, Chief Justice.—The following, taken from appellant's brief, is a correct statement of the nature and result of the suit:

W. H. Arnold was head brakeman on one of the regular local freight trains of the St. Louis Southwestern Railway Company of Texas, running between Commerce and Ft. Worth. On the night of October 27, 1902, his train was going to Ft. Worth and stalled on Fossil Hill, a short distance north of Hodge. The train was cut in two and the front section pulled in on the main line at Hodge. The engine was then cut loose and run down to the south end of the passing track. The engineer, the fireman and Arnold were with the engine. It was their purpose to back the engine through the passing track and go back after the rear section of the train. When the engine reached the south end of the passing track, Arnold got off and let the engine in on the passing track. He then set a derailing switch near the south end of the passing track and got on the footboard of the engine for the purpose of lining up a derailing switch at the north end of the passing track. The engine was backed through the passing track to the point where the derailing switch was, and, the derailing switch not being discovered, the engine ran into it and off the track. Arnold was thereby thrown from the footboard and his leg was broken. He thereupon brought this suit for damages on account of his said injuries. Eight grounds of negligence were alleged in his petition. It was charged: (a) that the engineer negligently failed to send anyone in advance of the engine to inspect the passing track in order to determine whether or not there was a derailing switch at the north end thereof, and, if so, whether or not it was lined

up or closed before undertaking to pass his locomotive over the same; (b) that the engineer negligently failed to stop or to slow up his engine as he approached the derailing switch in order to ascertain whether the same was closed or open before undertaking to pass over the same; (c) that the engineer negligently ran the engine over the passing track at a dangerous rate of speed, making it impossible to discover the derailing switch in time to stop the engine before reaching the same; (d) that the engineer negligently compelled the plaintiff to stand upon the footboard of the engine while it was being propelled over the passing track; (e) that the derailing switch where the engine was wrecked was a ground switch, and that an upright or target switch should have been placed at that point; (f) that a derailing switch should not have been placed in the passing track; (g) that the derailing switch where the plaintiff was injured had been closed or spiked down prior to the time plaintiff was hurt, and that plaintiff had not been informed that the same had been opened; (h) that weeds, grass and other vegetation had been permitted to grow up about the derailing switch and along the passing track, thereby obscuring the same.

The defendant pleaded the general issue, contributory negligence and assumed risk, it being alleged that prior to the accident the plaintiff was warned of the existence of the derailing switch; that he voluntarily got on the footboard of the engine and rode thereon to the point of the accident for the purpose of looking out for and lining up the switch; that he not only knew of the existence of the switch, but also knew that it was not lined up, and that if the engine was not stopped before it reached the switch it would run off and he would be injured; that he knew the condition of the track and of the ground about the switch and of the character of the switch; that he had control of the movements of the engine and had the power, and that it was his duty, to stop the engine, or have it slowed up, before it reached the switch; that with knowledge of all the facts and conditions surrounding him at the time and of all the dangers incident thereto he voluntarily remained on the footboard and did not attempt to have the engine stopped, or slowed up, but permitted it to run off the derailing switch; that he knew the condition of the track and of the ground about the switch; that if any weeds, grass or other vegetation was growing along the track or about the switch the fact was known to him; that if the switch was obscured by grass, weeds or other vegetation and he did not actually know that fact, he was acquainted with such facts concerning the same as was equivalent to actual knowledge. A jury trial resulted in a judgment in favor of the plaintiff for $3,700.

The appellant complains of the following paragraph of the court's charge, viz.: "If the jury believes from the evidence that plaintiff was a brakeman on a freight train in the employ of defendant, and that while in the performance of the duties as such brakeman at the time and place alleged by him, and that the engineer who had charge of the locomotive was in control of plaintiff, and commanded him to go upon the footboard at the rear of said engine in order to open, shut and line up switches that might be necessary for the proper movement of said locomotive and cars, and if you believe it was plaintiff's duty to obey the order of said engineer and get on said footboard in order to perform

the duty required of him, and in the performance of that duty plaintiff got upon said footboard, and that such act was one that an ordinarily prudent person would have done under similar circumstances, and that the same was not necessarily dangerous, and that said engineer then and there started and moved said train backward at a great and dangerous rate of speed towards a derailing switch situated on a passing track as alleged by plaintiff, and that said derailing switch, by the negligence of defendant, had been left open under the conditions as alleged by plaintiff and thereby caused said locomotive to be derailed, and by reason thereof plaintiff was injured as he complains by said derailed locomotive, when it was derailed, if it was derailed, and if you believe from the evidence that the defendant had notice, or by use of ordinary care could have known that said derailing switch had been left open as alleged by plaintiff, and thereby rendered dangerous to the employes of defendant in the performance of their duties; and if you further find that plaintiff was ignorant of the conditions of said derailing switch, and was not in possession of facts that would put an ordinarily prudent person upon inquiry of the same, and would not have learned it by exercising ordinary care or in the ordinary discharge of his duty must have necessarily acquired such knowledge, you will find for the plaintiff, unless you find for the defendant under subsequent instructions given you in this charge."

This charge is erroneous in submitting grounds of negligence on the part of the railroad that are not warranted by the evidence. It was the duty of the plaintiff to ride on the footboard of the engine under the circumstances, and it was not negligence for the engineer to direct plaintiff to assume that position. The evidence failed to show that the engine was run at a dangerous rate of speed, or if so the evidence of plaintiff shows it was within his power to check it by signalling the engineer, and this he failed to do, and hence the speed of the engine was not an issue for the jury. It was also improper to submit as a ground of negligence whether or not the switch was properly left open. The evidence of plaintiff shows that it was proper for the derailing switch to have been placed there; that it was proper for it to be open, and that he expected to find it open. These grounds of negligence were eliminated by the evidence, and their submission was calculated to mislead and confuse the jury. The only evidence that tends in the least to show negligence and which might possibly relieve the plaintiff of assumed risk, and fixing liability upon the railway company, is the testimony showing that grass, weeds and other vegetation were permitted to grow up about the derailing switch, which obscured it, and the court should have confined the submission to this issue alone.

The court erred in giving special charge number 2, asked by plaintiff, to the effect that if the engineer was negligent in failing to slow up or stop the locomotive as he approached the derailing switch in order to ascertain its position, and the same was the direct and proximate cause of plaintiff's injuries, to find for plaintiff, unless they found for defendant under other instructions.

This charge should not have been given, as under the evidence such failure of the engineer did not authorize a recovery. The evidence of plaintiff shows that just before starting on the track to look for the

switch the engineer told him that he did not know whether or not there was a derailing switch near the north end. It was a dark, drizzly night, and plaintiff was placed on the footboard with a lantern to discover the switch. He knew that there was a derailing switch near the north end of that track. His testimony, while he states the engineer ought to have stopped before reaching the switch, further shows that he was in a better position to discover the location of the switch, and that he should have signaled to the engineer to stop before running off the track. Under these circumstances the failure of the engineer to stop the engine would not fix liability upon the railway company.

The court erred in giving special charge number 7, asked by plaintiff, which in effect instructed the jury that if the switch had been spiked down so it could not be opened some time before the injury and plaintiff knew that fact, and that afterward, but prior to the injury, said switch was unspiked so it could be opened and plaintiff was not notified and did not know of same and would not necessarily have known it in the due course of his employment, and defendant was guilty of negligence in not notifying him and plaintiff was not guilty of contributory negligence, to find for plaintiff. This issue should not have been submitted, for we do not think the evidence shows the switch had been spiked so it could not be opened, but if it had, it shows that it had been unspiked for a long time prior to the accident and was properly open at the time, and the plaintiff was expecting to find it open.

The court erred in failing to give the following instruction, asked by defendant, to wit: "One is guilty of contributory negligence who negligently does, or omits to do, something which helps to bring about an accident whereby he is injured, and contributory negligence is a complete bar to an action for damages by the injured party, even if the other party was also guilty of negligence which contributed to cause the accident, and it is immaterial which party was the most negligent or which contributed most to cause the accident." This charge states the law correctly, and under the facts the defendant was entitled to have it given.

The defendant complains of the court's action in refusing to give the seventh special instruction, requested by defendant, which reads as follows: "If you believe from the evidence that the plaintiff got on the foot board of the engine after lining up the switches at the south end of the sidetrack and rode thereon to the point where he was injured, and if you further believe that his purpose in riding on the footboard was to look out for and line up a derailing switch near the north end of the sidetrack, and if you further believe that while he was riding on said footboard he had the power to control the movements of the engine and to have the same slowed up or stopped when it approached the place where he expected to find the derailing switch, and ·if you further believe that he failed to have the engine stopped or slowed up, and that in consequence of such failure the engine ran into the derailing switch and off the track, and if you further believe that a person of ordinary prudence, situated as was the plaintiff, would have had the engine stopped or slowed up when it approached the point of the accident, or would have gotten off the footboard when the engine approached said point, then the plaintiff was guilty of contributory neg-

ligence, and you should find for the defendant without regard to any other issue in the case." This charge properly grouped the facts that constituted defendant's defense. It was entitled to have such defense affirmatively submitted and the court erred in refusing to give it.

The failure of the court to define negligence, though the issue of negligence was submitted in various parts of the charge, was not error in the absence of a requested charge by defendant. It would have been better had the court properly defined it.

It was error for the court to permit proof by plaintiff that after the accident the railroad company had cleared the ground of weeds and grass at the point of the accident. For a discussion of this principle, see Railway v. Ayres, 83 Texas, 268, and authorities there cited.

The defendant should have been allowed to show by its witness, Kyle, that on the morning after the accident he carefully examined the ground about the switch where the accident occurred and that the ground was there clear of grass and weeds and the switch was in no way obscured and that the condition of the ground showed that the same had not been cleared off after the accident occurred and that no weeds and grass had been freshly cut from about the switch or track. This testimony was offered in rebuttal of testimony that had been introduced by plaintiff as to the weeds and grass having been cut after the accident. But we think it would have been proper for defendant to have introduced this testimony as original testimony to contradict plaintiff's testimony to the effect that the switch was obscured by weeds and grass. Should this testimony be introduced, plaintiff should be permitted to show that the weeds and grass, if so, were cut before Kyle made the examination.

For the reasons stated the judgment is reversed and cause remanded.

*Reversed and remanded.*