## STATE, Use of KATE M. MILLER et al vs. THE WESTERN MARYLAND R. CO.

*Contributory Negligence—Riding on Platform of Car.*

A man who voluntarily chooses to stand on the bumper or platform of a car in a moving train and is killed in the collision of that train with another, and the casualty would not have occurred if he had been inside one of the coaches, is guilty of such contributory negligence as prevents a recovery of damages for his death.

*Decided February 13th, 1907.*

Appeal from the Court of Common Pleas (DOBLER, J.)

The cause was argued before McSHERRY, C. J., BRISCOE, BOYD, SCHMUCKER, JONES and BURKE, JJ.

*Thomas G. Hayes, C. H. Madders* and *Harry K. Brooks,* for the appellant, submitted the cause on their brief.

*Benjamin A. Richmond* and *Leon E. Greenbaum,* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This suit was instituted on the 10th of August, 1905, in the Court of Common Pleas of Baltimore City, in the name of the State for the use of Kate M. Miller, widow, and William Donald Miller, and Rosilla C. Miller, infants, against the Western Maryland Railroad Company, to recover damages for the death of Elmer C. Miller, husband and father of the equitable plaintiffs, whose death is alleged to have been caused by an accident on the railroad of the appellee while the deceased was upon its cars and being carried from Mt. Hope station to Thurmont in the State of Maryland.

The facts of the case are few, and the questions for our consideration arise upon the ruling of the Court, at the close of the plaintiff's case, in granting the defendant's prayer with-

drawing the case from the jury upon the ground that there is no evidence legally sufficient to entitle the equitable plaintiffs to recover, and the verdict must be for the defendant. The defendant's second prayer, to the effect that under the undisputed evidence in the case the deceased was guilty of negligence directly contributing to his death, was not passed upon by the Court in view of its action on the first.

The declaration, in substance, states that on or about the 17th day of June, 1905, Elmer C. Miller, deceased, was a passenger and riding upon a train of cars upon the steam railway of the appellee; that he boarded the train at a station on the railway known as Mt. Hope station; that while a passenger on the train, which was a westbound freight train, the same came into collision with an eastbound freight train of the appellee "wrecking and derailing the trains, or portions thereof, by and in consequence of which, Miller was killed, that the collision and wreck was caused by the gross negligence, carelessness and improper management of the appellee company, and that Miller in nowise contributed to the acts or omissions, causing his death." ·

The facts of the case, as presented by the record, are these: The deceased was an employee of the appellee and as such was one of what was called a floating gang consisting of about thirty-nine (39) laborers whose employment was to lay steel rails and to do such other work as occasion required. The gang was provided with a car which was called their "camp." They went to their work from the camp in the morning and returned to it in the evening. Under their contract with the appellee, they had free transportation from and to the camp to the place of their work or to their homes.

On the 17th of June, the gang of laborers, among whom was the deceased, stopped their work at Mt. Hope and boarded a passenger train of the appellee going west, Miller was enroute for his home at Thurmont. Some of the men composing the gang when boarding the train got into the baggage car. The deceased got upon the bumper or platform of the baggage car and there remained until the occurrence of the accident that caused his death.

There was evidence that the train at the time of its arrival at the station, was crowded to such an extent that passengers were standing in the aisles of the passenger coaches. Freeburt, the witness, who was in company with Miller, in answer to the question, if he had looked into every coach to see if each was crowded testified, "we never go back to the back coaches." He also testified :

Q. Then you went to the baggage car?
A. Yes, sir.
Q. And Miller went to the baggage car?
A. Yes, sir.
Q. Where did you go, inside or outside of the baggage car?
A. I went inside.
Q. Where did Miller go? ·
A. He went outside on the platform. He didn't go inside,
Q. He was outside on the platform of the baggage car?
A. Yes, sir.
Q. Then he was on the platform of the baggage car, the last time you saw him?
A. Yes, sir, the platform outside of the baggage or mail car.

The proof further shows that a few minutes after the train had started it collided with a coal train coming east on the main line causing the death of Miller. There is no evidence whatever as to the cause of the collision or as to any negligence on the part of the appellee.

Upon this state of case, it is earnestly contended, on behalf of the appellants that the deceased at the time of the accident was a passenger on the appellee's train and the relation between the appellee and the deceased being that of carrier and passenger, the mere proof the collision and injury to the deceased raises against the appellee, the presumption that the accident and injury resulted from negligence. *Trainor's case,* 33 Md. 542; *Abell's case,* 63 Md. 441; *Mahone's case,* 63 Md. 144.

It is contended, however, upon the part of the appellee that under the facts of this case, the deceased was not a passenger at the time of his injury, but that he was an employee of the

company, and this being so there can be no recovery for two reasons.

(1) Because, if he was an employee, the bare fact that he was injured in a collision, without any proof of the company's negligence causing the collision, raises no presumption in his favor that the collision was caused by the negligence of the company's servants. Being an employee he could not predicate a right to recover upon the bare proof of a collision alone, but the burden was upon him to go further and show affirmatively that the accident was caused by the negligence of the company ; and

(2) Because, if he was an employee, and even if negligence of the company's servants could be presumed in his favor from the bare fact of a collision, it would be the negligence of a fellow servant, which would bar a recovery.

We think however it is clear upon the evidence disclosed by the record that the appellant contributed to his own misfortune and that the plaintiffs cannot recover in this action.

According to the undisputed evidence the deceased deliberately got upon the bumper or platform of the baggage car, and remained in this exposed condition until the collision occurred.

The rule is well settled, that if a person voluntary takes an exposed position upon a train, he himself incurs the special risks of that position. In this case the risk was so obviously dangerous that a prudent man would not think of incurring it. Such conduct under all the authorities is *per se* contributory negligence and bars any recovery by the representatives of the deceased. In *P. & R. I. R. Co.* v. *Lane*, 83 Ill. 452, it is said: "When a person takes such and like hazards, of their own choice, they must bear the injury. Had the deceased acted with ordinary prudence and remained in the passenger car, where it was his duty to have remained, he would not have been killed."

In the case at bar, if the deceased had gone into the passenger or baggage car, and not remained on the bumper or platform, he would not have been killed. He voluntarily se-

lected a place of danger, and remained there, until he was killed. *Baltimore R. Co.* v. *Foreman*, 94 Md. 231.

The deceased was, therefore, guilty of contributory negligence, and there can be no recovery against the railroad company, apart from the other questions in the case. The judgment will be affirmed.

*Judgment affirmed.*