# ROBERT A. DAWSON *vs.* MARYLAND ELECTRIC RAILWAY.

*Railways: accidents to passengers; taking places in dangerous positions; electric cars; jolting motions. Res ipsa loqui-tur, does not apply. Courts: judicial notice; incidents common to all.*

Where a passenger voluntarily takes a position in a part of a car not intended for passengers, as in a baggage car, he does so at his own risk.                    pp. 375, 377

The mere fact that an electric car gives a sudden jerk is no evidence of negligence on the part of the railroad company, where it does not appear that the sudden movement was due to any defect in the cars, or to any carelessness or negligence of those in charge.                    p. 376

In deciding claims for damages against railroads, courts are not to divest themselves of knowledge of the incidents of railway travel that are common to all.                    p. 376

Where a sudden jolt of an electric car caused a door in a baggage compartment, where the plaintiff had voluntarily placed himself, violently to shut and crush his fingers and hand, it was *held,* not to be a case of *res ipsa loquitur.*                    pp. 376, 377

. *Decided January 15th, 1913.*

Appeal from the Circuit Court for Anne Arundel County (BRASHEARS, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, BURKE, THOMAS, PATTISON and STOCKBRIDGE, JJ.

*James W. Owens* (with *Robert Moss* and *Jere L. Smith* on the brief), for the appellant.

*Ridgely P. Melvin* and *Robertson Griswold,* for the appellee.

THOMAS, J., delivered the opinion of the Court.

This is a suit to recover for injuries sustained by the appellant while a passenger on one of the cars of the appellee, and which is alleged to have been caused by its negligence.

The only exception in the record is to the ruling of the Court below in granting a prayer, at the conclusion of the plaintiff's testimony, taking the case from the jury.

The facts of the case, briefly stated, are as follows: The appellant, in the summer of 1911, purchased a round trip ticket from the appellee which entitled him to ride on its cars from Annapolis to Baltimore City, and, returning, from Baltimore to Annapolis. In returning to Annapolis the appellant entered the car at the rear end. The car contained a passenger compartment and a baggage compartment, and the appellant, after entering the car, walked through the passenger compartment and not finding a vacant seat he returned to the baggage compartment. There were no seats and no provisions made for the accommodation of passengers in the baggage compartment, and the appellant took a position in the middle of the car, near and immediately in front of the door leading into the passenger compartment. He says he was not holding on to anything, but was standing in front of the door and looking into the passenger compartment; that passengers were getting off and on the car at the stations, but that he did not see any vacant seat; that he remained in that position for about a half hour after the car left Baltimore, and that while he was standing there the car gave a sudden jerk, he threw up his hand and grabbed the door jamb to stop from falling, and that the door, which had been open, closed on his hand and mashed his fingers. The appellant says further that after he walked through the passenger compartment, when he first entered the car, and found that there were no vacant seats he did not again go into the passenger compartment, but that he did not see a vacant seat in there, and

that he saw a man try to fasten the door back, and that he had to push it several times before it would catch.  . : ..

It is apparent from this brief statement of facts, which are all of the facts in the case having any bearing upon the question of the appellee's liability for the injury sustained, that the accident was directly due to the fact that the appellant voluntarily took the position stated in the baggage compartment of the car instead of remaining in the passenger compartment. The fact that he was permitted to do so would not render the appellee liable, where other provision was made for his safety and comfort. There is no evidence to show that there was not room for him to stand in the passenger compartment of the car, and if he elected to take the position he did in the baggage compartment, he did so at his own risk. In the case of *Yorktown Turnpike Road* v. *Cason,* 72 Md. 377, the Court, after stating, "if they (passengers) voluntarily take exposed positions with no occasion therefor, nor inducement thereto, caused by the managers of the road, except a bare license by non interference, or express permission of the conductor, they take the special risks of that position upon themselves," said of the plaintiff: "Had he been inside the car, where he ought to have been, the injury would not have been sustained, his own voluntary choice placed him in an exposed position, and that position rendered the injury possible. It was a position not provided for him to occupy, and even a careless observer must know that it was the most dangerous one to take. He thought proper to make an experiment under circumstances of peril open and known to him, which he could have reasonably avoided, and it is no injustice that he is required to bear the consequences of his own act." The same principle was recognized in the later cases of *State use of Miller* v. *W. Md. R. Co.,* 105 Md. 33, and *United Rys. Co.* v. *Riley,* 109 Md. 327.

The fact that the car gave a sudden jerk is no evidence of negligence on the part of the appellee. It does not appear

that the sudden movement of the car was due to any defect in the car or to any carelessness or negligence of those in charge of it. It is well known that electric cars do not run perfectly smoothly, and that there are certain irregular movements to which they are subject, and which do not justify the inference of negligence or carelessness on the part of those in charge. In the case of *Yorktown Turnpike Road* v. *Cason, supra,* the Court said: "Judges can not denude themselves of the knowledge of the incidents of railway traveling, which is common to us all," and in the case of *Charles* v. *United Rys. Co.,* 101 Md. 183, JUDGE SCHMUCKER says: "It is a matter of common knowledge of which the Courts will take cognizance that street cars do not run with entire smoothness but are subject to occasional jars and undulations as they enter or leave switches or cross-intersecting tracts or encounter obstacles or slight inequalities in the track." In the case of *Foley* v. *Boston & M. R. R.,* 193 Mass. 332, 79 N. E. 765, where the Court held that the plaintiff, who "boarded the smoking car of a railroad train, and, seeing no vacant seat, stood within three inches of the door, supporting himself with his hands, while the train traveled a distance of three-fourths of a mile, and was thrown through the open door on to the platform and off the train on its crossing a switch," was guilty of contributory negligence and could not recover, the Court said: "It is also common knowledge that in the performance of the duty resting upon steam railroads of rapid and prompt transportation, even in the exercise of the high degree of care required of them, there may be jolts and lurches in the management of trains.* * * There is nothing to show that the jar in question resulted from any negligent act on the part of the defendant, either as to speed or construction of car or track."

Nor is there any ground for imputing negligence to the appellee because the door in the car closed and mashed the appellant's fingers. It does not appear who opened the door, or that there was any defect in its construction, and the mere

fact that the appellant saw a man push it back twice in order to fasten it does not justify an inference that the door was not properly constructed, or that there was a defective fastening. In the case of *Weinschenk* v. *N. Y., N. H. and H. R. R.,* 190 Mass. 250, 76 N. E. 662, the Court said: "The jolt of the car was described as an unusual one; but it does not appear to have been due to any defect in the track or car, or to any carelessness in the running of the train. * * * Nor could it be inferred, from the mere closing of the door, either that there was a defective fastening or that there had been negligence in putting the door on the catch, for the reasons stated in speaking of the plaintiff's own care. It is not a case to which the doctrine of *res ipsa loquitur* can be applied." See also *Graf* v. *West Jersey & S. R. Co.,* 62 Atl. Rep. 333.

Counsel for the appellant rely upon the case of *B. & P. R. Co.* v. *Swann,* 81 Md. 400, but in that case the plaintiff was *compelled* to ride in a baggage car, and the Court held: "If the carrier, being unable from causes beyond his control, to provide a passenger coach, according to its contract, substitutes a baggage car, and in the course of the journey, by reason of some fault in the vehicle, the passenger is injured, the carrier is liable therefor, unless it can be shown that it exercised the utmost care and diligence, and that the baggage car was a safe conveyance."

In the case at bar the appellant was not *compelled* to ride in the baggage compartment of the car in question, but he elected to do so in preference to remaining in the passenger compartment, which was provided by the appellee for the safety and comfort of passengers. Under such circumstances, and in the absence of some evidence to show negligence on the part of the appellee or its employees, there was no error in the ruling of the Court below withdrawing the case from the jury.

*Judgment affirmed, with costs.*