WALKER D. HINES, Director General of Railroads,

vs.

HARRY WATKINS.

*Negligence of Carrier—Injury to Passenger.*

In an action for injuries received by a passenger on a railroad train, as a result of the giving way of a car step on which he was standing, *held* that the question of the negligence of defendant, director general of railroads, his agents or employees, as well as that of the contributory negligence of plaintiff, was for the jury.                                    p. 215

Where the nature and attributes of the act relied on to show negligence contributing to the injury can only be correctly determined by considering all the attending and surrounding circumstances of the transaction, it falls within the province of the jury to pass upon and characterize it, and it is not for the court to determine its quality as matter of law.          p. 216

*Decided December 1st, 1920.*

Appeal from the Superior Court of Baltimore City (SOPER, C. J.).

The cause was argued before BOYD, C. J., BRISCOE. THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Ralph Robinson,* for the appellant.

*James J. Lindsay* and *Benjamin B. Baker,* for the appellee.

Briscoe, J., delivered the opinion of the court.

The plaintiff, Harry Watkins, brought this suit against the defendant, Walker D. Hines, Director General of Railroads, in the Superior Court of Baltimore City, to recover damages for personal injuries received by him while a passenger on one of the trains or cars operated by the defendant, and which he alleges were directly caused by the negligence and want of care of the defendant, and without his negligence and want of care directly contributing thereto.

The trial resulted in a verdict for the plaintiff for $35,000, and from a judgment on this verdict the defendant has brought this appeal.

Two exceptions appear to have been reserved by the defendant in the course of the trial in the court below, and these relate to the rulings of the court in granting the plaintiff's first prayer, upon the measure of damages, and in refusing the defendant's first, second, third, fourth, sixth and seventh prayers.

The defendant's fifth prayer was granted, and was to the effect that the burden of proof was upon the plaintiff to establish by the weight of the evidence that the plaintiff's injuries were caused by the negligence of the defendant, his agents and employees, without the negligence of the plaintiff thereto directly contributing, and unless it was shown by the weight of the evidence to the satisfaction of the jury, that the injuries sustained by the plaintiff were directly and solely due to the negligence of the defendant, his agents and employees, the verdict of the jury must be for the defendant.

The action and rulings of the court in granting the plaintiff's first prayer, and in refusing to grant the defendant's first, second, third, fourth, sixth and seventh prayers, it will be seen, form the basis of the two exceptions and present the only questions for our determination on this appeal.

The circumstances attending the accident which caused the alleged injuries to the plaintiff as disclosed by the record are substantially these: On or about the 4th day of March, 1919,

the plaintiff boarded a passenger train of cars of the defendant at its station at Sparrows Point, Baltimore County, to be carried thereon as a passenger to Union Station, Baltimore City, and paid his fare as such passenger. The train consisted of seventeen cars and was known as a "Workman's Train." When he boarded the train, he was not able to find or procure a seat within the car, on account of the crowded condition of the cars of the train, but took a seat on the platform of one of the cars, and sat on the third step attached to the platform, and where he rode from Sparrows Point to Union Station, his place of destination.

The declaration avers, and the proof shows, that when the train reached Union Station and was within the station, moving at a slow rate of speed and about to stop for the discharge of passengers, the plaintiff, in order to protect himself from the rush of passengers from the crowded train, arose from the platform or steps of the car of the train, with his feet still resting and standing on the step or steps so attached to the platform, and with his hand holding on to the guard rail, when the steps of the car, suddenly and without warning of any kind, broke and gave way, thereby breaking the hold the plaintiff had on the guard rail, and violently threw and precipitated him to the ground and under the moving train of cars, thereby causing the wheels of the car to pass over his limbs and other parts of his body, and also causing serious and permanent injuries to him.

The plaintiff testified that on the day of the accident and prior thereto he had been working in the angle-smith shop, *t. c.,* at Sparrows Point, at blacksmithing, at eighty cents an hour, for eight hours a day; that the train left Sparrows Point about 4 P. M. and was scheduled to arrive at Union Station at 4.40 P. M.; that he walked along the train for a number of coaches, and not seeing any room in any of them, he took a seat on the step of the platform. He testified: "I put this knee up agin the handle of the step and set there all the way from Sparrows Point until I got to Union Station;

the train was just about moving and I got up and got hold with my left hand and turned around and got hold with both hands and the bottom steps slid out from under me and my right foot rested on the rail of the left side of the track and it pulled me under the train and then I lay on the side of the track and had my hand like this and the car come against my foot and I lost my right foot, it got hold of me and that is the last I know, I don't remember any more about it." He further testified that there were five steps attached to the platform on which he was seated, and that he was on the third step from the bottom, with his feet on the last step, and that he was sitting on the third step from the bottom when the conductor came along and punched his ticket; that nothing struck the steps from the time the train left Sparrows Point until it reached Union Station, and then the steps broke away, as described by him and the other witnesses in the case.

The witness Milligan testified that he worked at the Bethlehem Steel Corporation, Sparrows Point, and was on the same train with the plaintiff, on the day of the accident; there were on or about fifteen or eighteen coaches on the train, and he was on the coach ahead of the one that the plaintiff was seated on the steps of. He did not see the plaintiff when he fell, but he walked back to the coach, after he landed from the car, and saw the man lying between the platform and the track with his right foot bound under the wheel of the coach; that he saw the steps on the brick platform all broken to pieces and the irons were broken out of the wood part, and they looked in a very rotten condition, and the irons were rusted up and in very bad shape; that the train upon which the accident happened was crowded, platform and every other space occupied.

The witness Barry, who was also on the train on the day of the accident, and who made an examination of the steps, testified in part that nothing was left of the first, second and third steps except the iron handle, and hooked to that was

all that was left of the steps and the platform, that the steps were dilapidated, worn and cracked, that the general condition of the lumber in the steps seemed to be dried out, and had no substance in the wood part.

There was other testimony corroborative of that of the plaintiff, both as to the cause of the accident and the crowded condition of the cars and the platforms of each car, but we do not find it necessary to detail more of it here, for the purposes of the decision of the questions involved on this appeal.

While there was testimony on the part of the defendant tending to show that the breaking of the steps of the platform of the car in this case, the real cause of the accident, was not due to the negligence of the defendant, it is clear, we think, upon the state of the whole proof set out in the record, that the negligence of the defendant and the contributory negligence of the plaintiff were questions for a jury, upon proper instructions of the court.

The plaintiff's first and only prayer is the usual damage prayer in negligence cases of this character and was properly granted. It has been approved by this Court in a number of cases and need not be further discussed.

The defendant's first, second, third and fourth prayers were demurrers to the evidence and were properly refused. These prayers sought to withdraw the case from the consideration of the jury, and have the court declare: first, that there was no legally sufficient evidence to entitle the plaintiff to recover; second, there was no legally sufficient evidence in the case that the plaintiff was compelled to take a seat on the platform or steps as alleged in the first and second counts of the declaration; and third, that the undisputed evidence shows that the plaintiff directly contributed to the happening of the injuries complained of by his own want of ordinary care and prudence and that their verdict must be for the defendant.

The facts, as to the cause of the accident in this case, were entirely different from those which appear in the cases of

*Miller* v. *Western Maryland R. Co.,* 105 Md. 30; *Dawson* v. *Md. Electric Railway,* 119 Md. 373 and *Balto. Con. Ry. Co.* v. *Foreman,* 94 Md. 226, relied upon by the appellant.

The issue of negligence and contributory negligence, it will be seen, was properly submitted to the jury by the defendant's granted fifth prayer, heretofore set out in this opinion.

The defendant's sixth and seventh prayers were not supported by the facts of the case. The principles of law, there announced, were inapplicable to the state of facts set out in the record now before us, and there was no error in the refusal of the court to grant these prayers.

The rules of law, applicable to the facts of a negligence case like this, have been fully and repeatedly declared by this Court, in a long line of well considered decisions, and it is not necessary to restate them here. *Philadelphia, W. & B. R. R. Co.* v. *Anderson,* 72 Md. 519; *Ballo. & P. R. R. Co.* v. *Swann,* 81 Md. 400; *Crawford* v. *United Railways,* 101 Md. 402.

In *Cooke* v. *Baltimore Traction Co.,* 80 Md. 558, it is said: "Where the nature and attributes of the act relied on to show negligence contributing to the injury, can only be correctly determined by considering all the attending and surrounding circumstances of the transaction, it falls within the province of the jury to pass upon and characterize it, and it is not for the court to determine its quality as matter of law." *Burke* v. *Baltimore City,* 127 Md. 554.

Finding no error in the rulings of the court upon the prayers sufficient to justify a reversal, the judgment appealed from must be affirmed.

*Judgment affirmed, with costs.*