## PRICE v. HART.

[No. 11,068. Filed March 7, 1922.]

1. APPEAL.—*Record.—Motion for New Trial.—Sufficiency.*—In an action to quiet title against three defendants against whom judgment was rendered, a motion for new trial on behalf of one of them, which designated him in the introductory part as "the defendant," was not insufficient to authorize a review of the ruling on the motion, where that defendant's name alone appeared as defendant in the caption of the motion. p. 655.

2. APPEAL.—*Record.—Motion for New Trial.—Sufficiency.*— That the signature of defendant's attorney to defendant's motion for new trial was followed by the words "Attorney for Plaintiff" could not have harmed plaintiff in anyway, and does not prevent a consideration on appeal of the questions presented by the motion. p. 655.

3. DEEDS.—*Deed and Contract.—Simultaneous Execution.—Construction.*—Where a deed conveying land to two grantees was executed at the same time as a contract between the grantor and grantees obligating the latter to pay and discharge a mortgage debt against the property, etc., the deed and contract will be construed together. p. 657.

4. DEEDS.—*Conditions Subsequent.—Construction.*—A provision in a contract that an estate conveyed by deed executed at the same time should be forfeited by failure of grantees to perform conditions subsequent, will be strictly construed, as conditions subsequent are not favored in law. p. 657.

5. TENANCY IN COMMON.—*Forfeiture of Cotenant's Interest.—Nonpayment of Indebtedness Assumed.—Contract.—Construction.*—Where a contract, executed simultaneously with a deed conveying realty to two grantees who agreed to assume and pay the mortgage indebtedness against the property, and also all taxes and assessments thereon, provided that, if either grantee should fail to pay his half of the mortgage indebtedness, his estate should be forfeited to the party paying it, the grantee who paid the interest and taxes, but who failed to discharge the mortgage indebtedness, cannot have declared a forfeiture of his cotenant's interest upon the latter's failure to pay his half of such indebtedness. p. 658.

From Marion Superior Court (A 8,447) ; *W. W. Thornton,* Judge.

Action by Oscar F. Hart against Albert W. Price and others. From a judgment for plaintiff, the defendant named appeals. *Reversed.*

*W. E. Henderson,* for appellant.
*Caleb S. Denny* and *Ralph B. Gregg,* for appellee.

BATMAN, P. J.—This is an action by appellee against appellant and two other persons to quiet his title to certain real estate. The complaint is in two paragraphs. The first is in the usual form for such an action, with certain · allegations as to the basis of the claims made by the defendants thereto. The second, in addition to the general allegations of ownership and adverse claims contained in the first, alleges that he has been compelled to expend the sum of $400 in payment of taxes and special assessments, which have accrued against said real estate, the interest on a certain mortgage thereon, and in making necessary repairs to the dwelling house on the same, one-half of all which should

have been paid by appellant. This paragraph concludes with a prayer, that if the court should find that he was not entitled to have his title quieted to the whole of said real estate, that he be decreed to have a lien against any interest which appellant may have therein for the sum of $200, and that he have an order for the sale of such interest to satisfy his said lien. The complaint was answered by a general denial on the part of all defendants thereto, and appellant filed a cross-complaint against appellee, in which he asked judgment for $177 on account of damages sustained by him, through the fault of appellee, with reference to the real estate in question, which he alleges that he and appellee own as tenants in common. Appellee answered this cross-complaint by a general denial. On a trial of the cause it was decreed that appellant had no interest in said real estate, and judgment was rendered in favor of appellee, quieting his title against appellant, and each of the other defendants. Appellant filed a motion for a new trial, which was overruled, and this appeal followed.

Appellee seeks to avoid a consideration of the appeal on its merits by suggesting certain alleged defects in the record, which are based in part on the following 1, 2. facts: The judgment is against three defendants, but only one filed a motion for a new trial, designated in the introductory part thereof as "the defendant." The name of the signature to such motion is followed by the words, "Attorney for Plaintiff." It appears, however, that appellant is the only defendant named in the caption of such motion, and we will, therefore, assume that the words, "the defendant" in the introductory part thereof refer to the defendant there named. It also appears that the person, whose name is subscribed to said motion as an attorney, was the sole counsel of record for appellant in the trial court,

while other attorneys appeared for appellee in the court below, and are appearing for him on appeal. We therefore conclude that appending the words quoted above to the name of said attorney, as subscribed to the motion for a new trial, was an act of inadvertence, which has not misled or harmed appellee in any way, and should not defeat a consideration of the appeal on its merits. The same may be properly said of the other suggested defects in the record.

Appellant contends that the decision of the court is not sustained by sufficient evidence and is contrary to law. The following appear as undisputed facts in this case: On April 17, 1914, one Mary B. Mitchell conveyed the real estate in question to appellee and one Mattie Price, by deed with covenants of warranty, subject to a life estate in herself, and to an agreement on the part of the grantees that they would assume and pay a certain mortgage lien on said real estate in the sum of $900, as the purchase price thereof, and would pay, as they became due, all taxes and assessments which might become a lien on said real estate during the life of the grantor, and would also keep the house thereon in good repair. At the time said deed was executed the grantor and grantees named therein entered into a written agreement with reference to said real estate, which, after reciting the execution of said deed and the existence of said mortgage, provides as follows: "It is also mutually agreed by and between the grantor and the grantees, and it is mutually agreed by and between the grantees, that they and each of the grantees are to pay and discharge said mortgage debt as soon as possible or within a reasonable time not to exceed ten years. Each of the grantees paying one-half of said mortgage debt, and all taxes and assessments within said time as hereinbefore stipulated. Then and in that event the party so refusing to pay the one-half of said indebted-

ness as hereinbefore stipulated, the party so refusing or neglecting to pay his said one-half as hereinbefore set out shall forfeit all his right, title and interest in and to said real estate to the party paying and discharging said indebtedness." Other provisions follow which are not material to the questions determined. It also appears that said Mattie Price subsequently died, and appellant inherited an undivided one-half of said real estate as her surviving husband, subject to the conditions contained in said deed and the provisions of said contract; that appellee and appellant each paid a portion of the interest on said mortgage indebtedness, the taxes and special assessments against said real estate, and for making certain repairs to the dwelling house thereon, but that the amount so paid by appellee was in excess of the amount so paid by appellant. Under these facts it is clear that appellee is not entitled to a decree quieting his title to the whole of said real estate, unless under the terms of said contract, appellant had forfeited his interest in said real estate, and appellee was in a position to assert the same.

The deed and contract in question, having reference to the same subject matter, and having been executed at the same time, will be construed together.

3, 4. Since the judgment in this case can only be sustained by giving effect to the provision for a forfeiture in the contract, it would be well to note, as a guide for our construction of such provision, that conditions subsequent are not favored in law, and are therefore strictly construed. *Elkhart, etc., Co.* v. *Ellis* (1888), 113 Ind. 215, 15 N. E. 249; *Sumner* v. *Darnell* (1891), 128 Ind. 38, 27 N. E. 162, 13 L. R. A. 173; *Brady* v. *Gregory* (1912), 49 Ind. App. 355, 97 N. E. 452; *Taylor* v. *Campbell* (1912), 50 Ind. App. 515, 98 N. E. 657; *Sheets* v. *Vandalia R. Co.* (1920), 74 Ind.

App. 597, 127 N. E. 609.   In the case last cited it is said, "The tendency of the courts is to moderate the rigors of the common law, in respect to the breach of conditions, upon the principle that the court ought to relieve against all forfeitures and penalties, where a compensation can be had."

Directing our attention to the contract under consideration, we observe that two things must concur before a forfeiture can be asserted thereunder, viz.: a failure on the part of one to pay the one-half of said indebtedness, and the payment of the same by the other.   It is an undisputed fact in this case that the mortgage indebtedness of $900 mentioned in the deed and contract has never been paid.   Its payment is one of the principal conditions imposed in order to acquire the right to assert a forfeiture.   Therefore we need not consider the extent to which appellant has failed to pay any other amounts, as appellee, by failing to pay said mortgage indebtedness, has failed to qualify himself for an exercise of the right of forfeiture.   The contract does not provide that the failure on the part of one to pay any portion of the amounts assumed, and the payment of such portion by the other will confer the right of forfeiture, and in the absence of such provision we cannot so hold.   To do so would be to violate the rule stated above, by giving a liberal rather than a strict construction to the language used, in order to enable appellee to exercise a right of forfeiture.   Appellee may be fully protected in any amount he has paid as alleged, in excess of the one-half for which he is primarily liable, and this is all he has a right to ask under the evidence, as we construe the contract.   We conclude that the decision of the court is not sustained by the evidence. Judgment reversed with instructions to sustain appellant's motion for a new trial and for further proceedings consistent with this opinion.