Payne, Director General of Railroads, Agent, *v.* Shelton.

[No. 11,272. Filed March 31, 1922.]

1. Appeal.—*Record.*—*Erroneous Designation of Party Reserving Exception.*—*Disregard of Clerical Errors.*—Where the record shows that plaintiff excepted to the overruling of the demurrer to the complaint instead of the defendant, the word plaintiff will be regarded as used in place of defendant by inadvertence of the clerk, and the ruling on the demurrer will be reviewed. p. 125.

2. Pleading.—*Complaint.*—*Overruling Motion to Make More Specific.*—*Effect.*—The overruling of a motion to make the complaint more specific by stating the facts showing the alleged negligence is deemed a decision by the trial court, procured by

and binding upon plaintiff, that all facts known to and relied on by him tending to support the general averments of negligence are already stated in the complaint.  p. 126.

3.  MASTER AND SERVANT.—*Injuries to Servant.—Negligence.— Complaint.—Sufficiency.*—In an action by a railroad employe for injuries sustained while riding on a gravel train, sitting on the end sill of one car with his feet on the end sill of another car, a complaint alleging that the engineer carelessly and negligently started the train with a violent jerk, causing the slack between the cars to be run up suddenly and violently and catching plaintiff's leg between the cars upon which he was riding, *held* insufficient to show that the engineer was negligent, it not being shown that he knew of plaintiff's position, and he, therefore, owed him no duty other than that owed generally to those on the train.  p. 127.

4.  MASTER AND SERVANT.—*Injuries to Servant.—Contributory Negligence.—Complaint.—Sufficiency.*—In an action by a railroad employe for injuries sustained by the sudden starting of a gravel train upon which he was riding, complaint *held* to show contributory negligence, precluding recovery, where the facts pleaded showed that plaintiff, at the time of his injury, was sitting on the end sill of one car with his feet on the end sill of another car, which dangerous position he had voluntarily chosen.  p. 127.

From Jennings Circuit Court; *John R. Carney,* Judge.

Action by Earl Shelton against John Barton Payne, Director General of Railroads, Agent.  From a judgment for plaintiff, the defendant appeals.  *Reversed.*

*Morrison R. Waite, William A. Eggers, McMullen & McMullen* and *Joseph Verbarg,* for appellant.

*James H. Connelley, Sam A. Connelley* and *John Clerkin,* for appellee.

NICHOLS, J.—Appellee was a section hand on the Baltimore and Ohio Southwestern Railroad, then being operated by the United States Government.  The railroad company was originally a party defendant, but the cause was finally tried on the amended complaint, with appellant as the sole party defendant.

There was a motion to make the amended complaint more specific, which was overruled; a demurrer to the

amended complaint which was overruled, and a trial by jury which resulted in a verdict of $1,500 for appellee, on which after appellant's motion for a new trial was overruled, judgment was rendered.

Appellant assigns as error: (1) Overruling the motion to make the amended complaint more specific; (2) overruling the demurrer to the amended complaint; (3) overruling the motion for a new trial.

Appellee contends that no question is presented as to the court's action in overruling appellant's demurrer to the complaint for the reason that the record 1. shows no exceptions for appellant. After the court's ruling the record shows, "to which ruling the plaintiff excepts." It is apparent that the plaintiff did not except for the ruling was in his favor. We regard the use of the word "plaintiff" instead of "defendant" as an inadvertence of the clerk with which appellant is not to be charged. See *Price* v. *Hart* (1922), 77 Ind. App. 653, 134 N. E. 672.

We only need to decide as to the second error assigned. The substance of the complaint, so far as here involved, is that on September 20, 1919, appellee was in the employ of said railroad company as a section hand, and was employed together with other employes of said company under the direction of their several foremen and engaged in unloading gravel from cars comprising a work train. Said train consisted of cars loaded with gravel and drawn by an engine, and after appellee together with other employes, had assisted in unloading a part of said cars of gravel, said engine was attached to the remaining gravel cars and appellee with other employes, was ordered and directed to board said train and assist in the unloading of gravel from said cars which were to be hauled to a point further east on said railroad. Appellee when so ordered and directed by his foreman took his position between two of

said gravel cars by the side of his foreman, sitting on the sill of one car and resting his feet on the sill of the car attached in front of him. The engineer proceeded to back said train east, the locomotive of said train facing west. After said train had proceeded for some distance the cars between which appellee was riding were slowed down; immediately thereafter said company who was operating said train, suddenly and without any warning to appellee carelessly and negligently started said train with a violent jerk, bumping the cars together between which appellee was riding, with great force and violence, causing the slack between said cars to be run up suddenly and violently, by reason of which appellee's right leg was caught between said cars, causing it to be shoved, pushed and jammed in a strained position against his body with great force and violence, thereby severely injuring him.

Appellee says that the statement of facts pleaded in the amended complaint shows it was necessary to warn appellee of the sudden starting and jerking of the train but we are not in harmony with this contention. On the contrary, we are clear that there was no such duty under the facts averred. Appellant in its motion to make more specific asked that appellee be required to state specifically the facts showing the negligence in the starting of the train with a violent jerk. As such motion was overruled the ruling is deemed a decision by the trial court, procured by and binding upon the appellee, adjudging that all the facts known to and relied on by the appellee tending to support the general averments aforesaid were already stated in this paragraph of complaint. *Terre Haute, etc., Traction Co.* v. *Phillips* (1921), 191 Ind. 374, 132 N. E. 740; *Lake Erie, etc., R. Co.* v. *Molloy* (1922), *ante* 72, 134 N. E. 913.

There is no averment in this complaint that the en-

gineer had any knowledge whatever that appellee had placed himself in such a dangerous place in which to ride, or that he owed appellee any duty or that the manner of operating the train was in any way different from that of the usual, ordinary and reasonable operation of such trains. To say that the engineer gave no warning to appellee without averring knowledge of his dangerous situation, or to say that he carelessly or negligently started the train is not sufficient to charge the engineer with negligence when appellee has had his opportunity to make his complaint more specific by appellant's motion to that end, which has been overruled. It is a matter of common knowledge that in the operation of trains such as freight and gravel trains there is given a slack between the cars to facilitate the starting and stopping, and that the use of such slack for the purposes aforesaid results in the sudden bumping and jerking of the cars. *Louisville, etc., R. Co.* v. *Bisch* (1889), 120 Ind. 549, 22 N. E. 662; *Pittsburgh, etc., R. Co.* v. *Hall* (1910), 46 Ind. App. 219, 227, 90 N. E. 498, 91 N. E. 743.

The engineer had a right to use this method of operating his train, and in the absence of knowledge that appellee had placed himself in a dangerous place and where he was likely to be injured by the use of the slack the engineer owed him no duty other than that owed generally to those on the train. He had a right to presume that appellee would use reasonable care in the selection of a place to protect himself. But knowing, as he must have known, of the slack between the cars and of the common bumping and jerking of such trains, appellee chose to ride on a train sitting on the end sill of one car with his feet resting on the end sill of another. We can scarcely imagine a more dangerous situation in which he could have placed himself to ride. The facts pleaded do not show that the engineer was guilty of neg-

ligence, but assuming that they do so show, appellee was guilty of contributory negligence in riding in the dangerous position which he had voluntarily taken, instead of selecting a more secure place on the train. Under such circumstances, he cannot recover. *St. Louis, etc., R. Co.* v. *Marker* (1883), 41 Ark. 542; *Miller* v. *Western Md. R. Co.* (1907), 105 Md. 30, 65 Atl. 635; *Bunker* v. *Union, etc., R. Co.* (1911), 38 Utah 575, 114 Pac. 764; *St. Louis, etc., R. Co.* v. *Arnold* (1905), 39 Tex. Civ. App. 161, 87 S. W. 173; *Lemasters* v. *Southern Pacific Co.* (1900), 131 Cal. 105, 63 Pac. 28; *Howard* v. *Southern R. Co.* (1903). 132 N. C. 709, 44 S. E. 401; *Martin* v. *Baltimore & Ohio R. Co.* (1889), 41 Fed. 125.

The court erred in overruling the demurrer to the amended complaint.

The judgment is reversed, with instructions to the trial court to sustain the demurrer to the amended complaint and for further proceedings in harmony herewith.

Dausman, C. J., and Remy, J., concur in result.