The propriety of the defendant's eleventh prayer depended upon a theory of the conjectural happening of the accident in a way inconsistent with my reading of the testimony offered *Page 480 
by both the plaintiff and defendant, and, therefore, it would seem that the prayer was inappropriate and misleading; and my concurrence in the affirmance of the judgment is because of my conclusion that the case should have been taken from the jury on the ground that there was no legally sufficient testimony to show any negligence on the part of the defendant that was the proximate cause of the plaintiff's unfortunate accident.
The plaintiff's version is that, as he was on the last step before reaching the floor of the vestibule of the car, he turned, with a package in his right hand, to leave, because the motorman had called to him that he was on the wrong car, and that he was thrown from the step by the car suddenly starting with a "little jerk" or "jolt", such, he stated, as is usual in the beginning of the movement of an electric car. As was said in Dawson v. Md.Electric Rwy., 119 Md. 376, and quoted in Callis v. UnitedRwys. Elec. Co., 128 Md. 412, "It is well known that electric cars do not run perfectly smoothly, and that there are certain irregular movements to which they are subject, and which do not justify the inference of negligence or carelessness on the part of those in charge." While on the step the plaintiff was not in such a place of obvious peril as to make it an act of negligence for the servants of the defendant, with knowledge of the plaintiff's position, to start its car in a normal way. *Page 481